ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
California Bar Number 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 13-4169 SJO (JCGx) |
| Plaintiff, | **CONSENT JUDGMENT** |
| vs. | |
| REAL PROPERTY LOCATED AT 3749 AND 3751 E. ANAHEIM STREET (3721 E. ANAHEIM STREET), LONG BEACH, CA (BENTECH LLC), | |
| Defendant. | |
| BENTECH LLC, | |
| Titleholder. | |

///

///

This action was filed on June 11, 2013. Notice was given and published in accordance with law. Potential claimant and titleholder Bentech LLC claims an interest in the defendant real property, but has not filed a claim in this case or answered the complaint. However, Bentech LLC would have filed a claim and answer in this case absent this settlement. No other claims or answers have been filed, and the time for filing claims and answers has expired. Plaintiff United States of America ("the government") and potential claimant Bentech LLC have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against the defendant property, and hereby request that the Court enter this Consent Judgment.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1. As used throughout, the following terms shall have the following meaning: (a) "defendant property" shall mean the defendant real property located at 3749 and 3751 E. Anaheim Street (3721 E. Anaheim Street), Long Beach, California; and (b) "illegal purpose" shall mean any purpose that furthers or facilitates the distribution or sale of marijuana in violation of federal law, including, but not limited to, renting space to a person or entity that sells or distributes marijuana; or the renting of space to or permitting the continued tenancy of any person or entity that sells, distributes or facilitates the sale or distribution of marijuana.

2. This Court has jurisdiction over the parties to this Consent Judgment and the subject matter of this action.

///

3. On or about June 11, 2013, the government filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7) against the defendant real property.

4. Potential claimant and titleholder Bentech LLC claims an interest in the defendant real property, but has not filed a claim in this case or answered the complaint. However, Bentech LLC would have filed a claim and answer in this case absent this settlement. No other claimant has appeared in this action.

5. Notice of this action has been given in accordance with law. No appearances having been made in this action, the Court deems that all potential claimants other than Bentech LLC admit the allegations of the Complaint to be true. The Complaint states a valid claim for relief pursuant to 21 U.S.C. § 881(a)(7).

6. Bentech LLC shall retain possession of and title to the defendant property, and in consideration thereof, agrees to abide by the terms of this Agreement. Bentech LLC shall lawfully use and occupy the defendant property in accordance with the restrictions imposed by paragraph 7 below. If Bentech LLC fails to comply with any of the terms of paragraph 7, its interest in the defendant property shall be forfeited to the government pursuant to paragraph 8 below.

7. Bentech LLC shall not use or occupy the defendant property, nor shall it allow the defendant property to be used or occupied, for any illegal purpose (as defined in paragraph 1). Bentech LLC shall take all reasonable precautions to prevent any destruction to or diminution in value of the defendant property and any fixtures thereto. Bentech LLC shall

1  not knowingly rent, lease or otherwise allow the use or
2  occupancy of any of its property to (a) any former tenant who
3  used or occupied any of its property for any illegal purpose; or
4  (b) any person Bentech LLC has reason to believe may use or
5  occupy its property for any illegal purpose.  Bentech LLC shall
6  not knowingly allow any of its property to be listed in any
7  advertisement, publication, directory or internet site which
8  advertises or indicates that marijuana is available at the
9  location of the its property.[1]

10       8.   In the event that Bentech LLC fails to comply with any
11  of the terms of paragraph 7 of this Consent Judgment during the
12  four (4) year period following the entry of this Consent
13  Judgment, the entirety of Bentech LLC's interest in the
14  defendant property shall be ordered condemned and forfeited to
15  the United States, subject to the "notice" and "cure" provisions
16  set forth below.  In the event of forfeiture, the Los Angeles
17  County Recorder shall index this Consent Judgment in the grantor
18  index under the name of Bentech LLC, and in the grantee index in
19  the name of the United States of America.  If the government
20  believes that Bentech LLC failed to comply with any provision of
21  paragraph 7, it shall provide written notice of such failure to
22  Bentech LLC (as well as its respective undersigned counsel),
23  describing the provision believed to have been violated.
24  Bentech LLC shall have fifteen (15) days from its receipt of
25  such notice to cure the violation.  In order to cure the
26  violation, Bentech LLC shall immediately initiate steps to

---

[1] The government is currently informed and believes that there is no location of any Bentech LLC's property currently listed in any such publications.

4

commence an eviction and thereafter continue and complete all reasonable and necessary steps to produce compliance as soon as reasonably practicable.  If the violation is not cured within the 15-day period by initiating such steps, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of Bentech LLC to timely cure the violation.  The government shall provide Bentech LLC with all necessary proof and information that supports its allegation that there has been non-compliance.  Bentech LLC shall have fifteen (15) court days from the receipt of the Notice to file a motion to seek relief from forfeiture, wherein the moving party may argue that, among other things, it is an "innocent owner" pursuant to 18 U.S.C. § 983(d).  If such a motion is filed, the government shall take no further action until the motion has been determined.  If no such motion is timely filed, the defendant property shall be forfeited to the United States on the sixteenth (16th) day after the filing of the Notice of Non-Compliance and Forfeiture, unless the Court orders otherwise.  Upon forfeiture under the terms of this paragraph, the government shall have the right to take possession of the defendant property without further order of the Court, and the United States Marshals Service, or its representatives, shall, without further order of the Court, proceed to take physical possession of the defendant property and its fixtures, and may evict any and all persons, pets, livestock, and personal property from the defendant property as it deems necessary or appropriate.  A "filed"-stamped copy of this Consent Judgment accompanied by a "filed"-stamped copy of a Notice of

Noncompliance and Forfeiture and/or order of the Court, shall be sufficient to establish the forfeiture of the defendant property.  In the event that the defendant property is forfeited to the government, Bentech LLC agrees that the United States Marshals Service may proceed to sell the defendant property.  Thereafter, the United States Marshals Service, or its representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

9.   Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory.  Such entry shall be permitted by Bentech LLC at a reasonable time to be agreed upon by the parties.  Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which Bentech LLC may request a hearing.

10.  This Consent Judgment shall only be recorded in accordance with the provisions of paragraph 8 above.

11.  In consideration of the government's agreement not to pursue Bentech LLC's interest in the defendant property, Bentech LLC shall pay the sum of $48,300.00 to the government not later than sixty days following entry of this Consent Judgment by the Court.  Such payment shall be made in the form of a cashier's check made payable to the United States Marshals Service, and shall be delivered to Assistant United States Attorney Jonathan Galatzan, 312 N. Spring Street, 14th Floor, Los Angeles,

California 90012.  Said sum is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist therein.  The United States Marshals Service is ordered to dispose of the funds in accordance with law.

12.  In consideration of Bentech LLC's agreement to forfeit the above-described funds, the government agrees to forego its attempts to forfeit Bentech LLC's interest in the defendant property in connection with any conduct committed up to and including the date of the filing of this proposed Consent Judgment.  The government agrees that if payment is made as provided in paragraph 11, it shall execute and record a Withdrawal of *Lis Pendens* with the County Recorder of Los Angeles County within ten days of such payment.

13.  Should Bentech LLC fail to make the payment required herein within sixty days following entry of this Consent Decree, the government shall acquire a lien against the defendant real property in the sum of $48,300.00.  The government's lien shall include a right of sale, allowing the government to take possession of and sell the defendant property at any time after fifteen days after entry of this Consent Judgment, unless the parties agree otherwise in writing.  The government shall give written notice to Bentech LLC by letter directed to James B. Devine, Esq., as set forth below, thirty (30) days before the government intends to enforce its right of sale of the property. At the conclusion of that thirty day period, any occupants or personal property shall be removed from the property.  The United States Marshals Service is hereby authorized to remove any occupants and/or personal property remaining on the

defendant property thirty days after the giving of written notice without further order of this Court.  The United States Marshal Service shall thereafter sell the property.  The proceeds of sale shall be applied as follows, to the extent proceeds are available:

  a. First, to the costs incurred by the United States Marshals Service in taking possession of and selling the defendant property;

  b. Second, to the payment due under the terms of this Consent Judgment; and

  c. Third, to lienholder.

  d. Fourth, any remainder to Bentech LLC.

14. The obligations of Bentech LLC pursuant to this Consent Judgment, other than the payment by Bentech LLC set forth in paragraph 11, shall terminate and be of no further effect upon the sale or other transfer of ownership of the defendant property to a third party (including the United States Marshals Service), or of the surrender by Bentech LLC of its entire interest in the property.  Additionally, these obligations shall terminate and be of no further effect in the event that the defendant property is forfeited to the government.

15. Except as otherwise set forth in this Consent Judgment and in particular in Paragraph 8 above, Bentech LLC has released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of

or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by it or on its behalf.

16.   The parties shall each bear their own costs and attorneys' fees in this action.

17.   The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

18.   The Court finds that there was reasonable cause for the initiation of this action, and this Consent Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

19.   All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates:  (i)  the date when actually delivered if delivered in person to the recipient; (ii)  on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii)  on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below: To the Government:  Jonathan Galatzan or P. Greg Parham, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.

1  To Bentech LLC: James B. Devine, Esq., 45 S. California Street,
2  Suite 9, Ventura, CA  93001.
3  ///
4  ///
5  ///

```
 1  Any notice so given by mail shall be deemed to have been given
 2  as of the date of delivery (whether accepted or refused)
 3  established by the U.S. Post Office return receipt or the
 4  overnight courier's proof of delivery, as the case may be.
 5
 6  Dated: July 26, 2013         S. James Otero
                                 _____
 7                               THE HONORABLE S. JAMES OTERO
                                 UNITED STATES DISTRICT JUDGE
 8
    Approved as to Content:
 9
    DATED: July 18, 2013         ANDRÉ BIROTTE JR.
10                               United States Attorney
                                 ROBERT E. DUGDALE
11                               Assistant United States Attorney
                                 Chief, Criminal Division
12                               STEVEN R. WELK
                                 Assistant United States Attorney
13                               Chief, Asset Forfeiture Section
14
                                     /s/ Jonathan Galatzan
15                               _____
                                 JONATHAN GALATZAN
16                               Assistant United States Attorney

17                               Attorneys for Plaintiff
                                 United States of America
18
19  DATED: July 16, 2013
                                     /s/ Bae Young Hahn
20                               _____
                                 BAE YOUNG HAHN
21                               President, Bentech LLC

22  Approved as to form:
23
    DATED: July 17, 2013         LAW OFFICE OF JAMES B. DEVINE
24
25
                                     /s/ James B. Devine
26                               _____
                                 JAMES B. DEVINE, ESQ.
                                 Attorney for Potential Claimant
27                               Bentech LLC
28


                                    11
```